The next case will be 07-3230, Harris will be in the Office of Personnel Management. Mr. Baker, Good morning, Good morning, I represent Mr. Wilfrid Harris on this matter. Mr. Harris was an employee of the Department of the Army for a substantial period of time. He, along with several other people, were contracted to the National Security Agency out at Fort Meade. An issue arose as to security clearances. In the year 2001, Mr. Harris, along with the others, was dismissed from his position for failure to upgrade his security clearance fee. Mr. Baker, let me ask you just a question to sort of frame the issue. As I understand it below, you presented two issues to the Merit Systems Protection Board. One issue was whether, in fact, he was removed for cause so as to trigger their taking back his benefits. Yes, sir. Then the second issue was whether or not he was entitled to a waiver, if you will, of the requirement that he pay back the $80,000 that he received. In the alternative, yes, sir. Now, they ruled against you on the first point. Yes, sir. And you presented that in appeal here, I think. They also said, however, they weren't going to reach the second issue because they said that OPM had not yet finally decided that. And there's a May 31, 2006 letter in the record that was sent to the Board by OPM saying we'll settle this case on the basis that we'll reassess the situation down the road, so to speak. Now, are you appealing both those rulings, namely the ruling – well, I know you're – I'm pretty sure you're appealing the ruling that there was a removal for cause. But are you also challenging the jurisdictional ruling of the Court of – of the Merit Systems Protection Board? Or are you content to let that one lie? I'm sorry. The jurisdictional ruling with regard to the deferment, if you will – The waiver, the 8346B issue, I guess. Yes, sir. Well, the argument, basically, is that if you take the position that Mr. Harris is entitled to his pension as he is fully vested, having reached the age of 55 and having had over 30 years of credible civil service, then the argument, basically, would be that every month they withhold his pension they are collecting. It's not an issue of deferred collection. It continues every month. The basis is – No, but this issue here was – I mean, they have paid him – he was paid $87,000. Yes, he was. And they're saying – We shouldn't have paid it. You shouldn't – we shouldn't have paid it. We want it back. But they're saying we'll waive the collection of that for a certain period of time and we'll reassess the situation at such time as a deferred annuity right would kick in. Right. Now – When you start drawing your Social Security, we'll take our money. Right. That's – well, no, but they'll say – they said in that letter that we'll reassess the situation. I understand, sir. But what I'm saying is the Merit Systems Protection Board said we can't consider the issue of whether there should be a waiver of the requirement to repay because it's not final yet, presumably in view of these communications from OPM. Are you challenging that jurisdictional ruling by the board or are you prepared to let that matter sit? We'd let that particular matter sit. So you're not challenging the board's ruling on that point? That's correct, sir. It's failure to exercise jurisdiction? Yes, sir. Okay. At the same time, you're not waiving downstream your right to claim a statutory waiver on the entire record. I am not. At any rate, Mr. Harris was removed from his position. He was not given another position within the Army, brought back to the motor pool. What they did, in essence, is provide him with disability discontinued service retirement. At the time, back in 2001, when he was given this, there was no indication that his pension was at any time subject to attack or was at any time in jeopardy. He did not, back in 2001, take an appeal of the personnel action by NSA. Essentially, he relied upon the Army and what OPM did and grew his pension until the year 2005. Arguendo, as we said, that assuming that his – you can't go behind the 2001 issue as it being time barred. Conceivably, the argument could be made that his conduct, such as it was, or the misconduct which he was accused of, allegedly accused of, would not meet the criteria for failure to continue to receive or removal of his vested pension rights. It didn't meet that. He had 32 years of totally credible service without any type of reprimand, suspension, any type of adverse action throughout that time. But isn't the record clear that they told him what he had to do, and he didn't do it, and they gave notice of the consequences? Sir, I think what they did is they told him what to do, and they didn't do it. As to giving him notice of the consequences, I do not see anything where he was told or advised that his pension was in jeopardy. But a stopper won't work for you, will it? Pardon me? A stopper won't work for you. No, sir, it won't work, and neither did detrimental reliance. And so it turns – you tell me, doesn't it turn on whether there was cause for his removal, since he did not go and get the security clearance that he was required to get? That is correct, sir. However, again, the issue is was he fully advised, or was he aware of the fact that had he not seen – You see, I don't know where that takes us. Take it your way that he was not. A stopper, detrimental reliance won't work. So that takes us back to the fundamental question of whether he was removed for cause, having been put on notice at least of what he was required to do. Yes, sir. And he didn't do it. Yes, sir. He did timely seek the review of the Merit Systems Protection Board. And part of that review, of course, initially was to bring in the Army to look behind the circumstances to determine what the cause was for removal. The Army took the position that his action against them was time-barred. The judge agreed. So he's looking at the record as it stands, which clearly says we're terminating you for cause. Now, what we're saying essentially is if you're going to terminate him for cause, which they did, and say as a result of our terminating you for cause, we're not going to let you have your job anymore, but we will let you out the door and you can have your discontinued service retirement. Goodbye, good luck, have a nice life, which essentially is what happened. So your point is that at a minimum you should be able to interpose as a defense to the pension recovery action the issue of whether he was terminated for cause. Yes, sir. Because if he was not terminated for cause, then the pension rightly should be paid to him. Or going further, that had he been terminated for cause, was the offense of such magnitude that it should jeopardize his pension. And that issue never actually was raised until OPM somewhat unilaterally terminated his pension benefits. Upon review in this court, is it open to us to make that determination one way or the other? What we're asking for, sir, is the matter be remanded and that the administrative law judge address these issues. Which would, in fact, basically give him his hearing. That's pretty much where we're at. The government relies on 1935 case Wirtz. Wirtz was a matter wherein the government brought action in the district court to recover a tax refund. I think this matter is distinguished somewhat from Wirtz in that Wirtz at least had a hearing. Mr. Harris did not have that opportunity. Why don't we hear from the government and then come back on rebuttal. Thank you, sir. Mr. Edwards.  May it please the court. I take it that any challenge to the jurisdictional holding of the board with respect to the regulations governing a statutory waiver under the OPM recovery process has been waived. So I will not address that any further. I just had one question. I think your characterization, gentlemen, is correct. It does appear that Mr. Baker is saying he's not challenging in this court the ruling of the board that it did not have jurisdiction to rule on his 8346B claim and his claim, I guess, under Section 831.401 of the regulation. But just to pick up briefly to close the loop on that, after he and I discussed that, Judge Young indicated to him that it was his understanding that he was not waiving the right to challenge not granting a waiver in the future. And do you agree that at the point when the agency OPM does make its final cut on this, that at that point, if there is a denial of a waiver under 8346B, he at that point could appeal to the board? Yes, Your Honor, that's absolutely right. At that point, there is a final decision. There may be a need for reconsideration. Usually with OPM, there is an initial decision. And then before an appeal is filed, someone must seek reconsideration. But essentially, yes, at that time, that would be the time for the petitioner to take an appeal to the MSPB. So you're saying at this point, as far as that's concerned, at least for now, no harm, no foul. Right. And presumably that OPM would recognize that maybe it was as much responsible for his decision than he was, as he was. I mean, I can imagine that someone who said, I can retire under these circumstances would do it. If he thought he was going to not get a pension that he was told he was entitled to, then he would ask to go somewhere else and stay on duty. But OPM told him, gave him, they either told him or acted as though he was entitled to the pension for five years, four years. Well, OPM did do that, and that may be a circumstance that they take into consideration down the road if they decide ever to seek to collect the overpayment, certainly. And they're entitled to consider that under the regulations that appear in Part 831 of the Code of Federal Regulations. There are a number of equitable considerations that OPM has set forth under its statutory mandate, which I believe is 5 U.S.C. 8346. But the question here, as stated in the petitioner's brief, appears to be, the question that is raised exactly as it's stated is, was the Merit Systems Protection Board correct when it held that it had no discretion to waive statutory imposed eligibility requirements? Well, if that's the question, the answer is provided by OPM v. Richmond, where on an appeal to the board, through this court, through the Supreme Court. That's the issue under 8336. They can't waive non-entitlement when there's a removal for cause. Right. That's what you're referring to? Exactly. And OPM v. Richmond sets that out very clearly. I don't see and haven't seen in this brief any specific facts or any specific argument. There may be some discussion in the facts section, but that actually gives a factual basis or a challenge based on substantial evidence that makes a challenge based on substantial evidence to the MSPB's finding that an overpayment occurred. So I don't see any argument on that. His complaint is, now if I understand his oral argument, and I would like to hear your response to it, is that he is removed under these circumstances, but he gets his pension. No one says anything about the pension being in jeopardy. And that's how the matter comes to rest. Then, going over the records and discerning that he had been removed for cause, this repayment action commences. So at that point, he'd like to defend saying, I really wasn't removed for cause. That wasn't the circumstance. But procedurally, he's barred because the time has run. And the board, simply looking at records, accurately determines from records he was removed for cause. And since they then follow the statute, follow the statute and say repayment is appropriate, putting aside the statutory waiver. His point is that that's simply, at a minimum, they should have considered the basis for the action because now the time had run. What do you say to that? I think the board did consider the basis for the action. And the board spends at least a page, maybe two pages, on the 8336 argument and finds that the petitioner was removed for delinquency or for cause. And I think that the facts in the record bear that out. And I don't see any challenge to that. What happened was the petitioner was ordered to obtain a top-secret clearance and a gold security badge. His union, unfortunately, advised him not to do that. And you say these were all matters of record, and the record bears out that, in fact, they gave him the benefit of a look. They looked at it and determined anew that, in fact, he was removed for cause, and the result, therefore, follows. Yes, and that's in the record, Your Honor. And I don't see in the brief any specific substantial evidence, factual challenge, that this court could entertain with respect to that. What I do see is the legal argument that the MSPB can somehow waive the requirement of overpayment or the collection of the overpayment or the finding of overpayment. And that is just wrong under OPMB enrichment. And there's a distinction that the petitioner makes between whether something is paid out of the Treasury as it was in OPMB enrichment or whether it needs to be collected because it's already been paid out. But I think Richmond itself deals with that, and I think also the Wirtz case is directly on point. There doesn't need to be a statute for the government to recover money that is paid without a congressional appropriation out of the Treasury, and that is what is specifically stated in Wirtz. And in fact, in this circumstance, Congress has provided a means for someone to seek waiver of the overpayment. And Mr. Harris hasn't reached that point yet because OPM is deferred, so that issue is not right now before the court. So for these reasons and the reasons stated in our brief, we ask that the court affirm the judgment of the MSPB. Thank you. Mr. Baker? In response to Judge Hall-Schall's inquiry as to no harm, no fault, there is harm. This man hasn't thrown his pension since 2005. We would distinguish from Richmond. Richmond is a matter where there was a government appropriation or a federal appropriation that was required. No, I understand, Mr. Baker, what you're saying is if in fact there was a removal for cause, there's nothing that can be done about drawing the pension under 8346. I'm sorry, under 8336. Well, if there was a removal for cause, and forgetting the defenses for a minute as to the union advice and the contract and all of this... Which the board did consider. I understand that, sir. But the civilian personnel board at the time also considered that and they discharged Mr. Harris for cause. However, in reaching the determination of what penalties should be involved with regard to his discharge, should it be a reprimand, should he be suspended, what they ultimately came down to was the fact that he would no longer go back to his job, but no mention was ever made or any determination made by the board that you lose your retirement as a result of this. But typically when a... You're saying they removed... What you're complaining about, and I want to make sure I understand it, Mr. Baker, is that he was removed from his position, but not told at that time that the consequence of that removal would be denial of a pension right. Further than that, he was given a pension. He applied for it with the... But I mean, typically, though, I mean, what... I mean, I think, and correct me if I'm wrong, but as I understand it under the statutes and regulations, when a government employee is removed from his conduct, the agency is required to say, we're going to remove you, here's why. You're entitled to consideration before the deciding official, and if the final decision is to remove you, you have the right to appeal to the Merit Systems Protection Board. I don't think there's any case or body of law that supports the proposition that the agency has to tell the employee all of the negative consequences that will flow from the removal action. Your Honor, if I may, this is under the Civil Service Act. Mr. Harris is vested in his pension rights. He's met the requirements. He's got over 30 years of service. He's over 55 years old. Now, with regard to your position, yes, the government advises you have been removed for cause. This is the penalty that we are going to impose as a result of our determination. You do have the right to go forward and appeal this if you don't like the penalty, if you don't like what's going on. You're saying he should have been told he would not be eligible for a discontinued service annuity. Right. In other words, he should have been told that this discontinued service annuity that we are giving you and which check you're going to be getting for every month for the rest of your life really isn't going to happen that way. And you ought to know that. And it never happened. That's basically where we're at. Thank you, sir. Thank you. Excuse me. The case is submitted.